1

2

3

4

5

6             UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                      AT SEATTLE

8    RONNELL MACABURAS TACATA,

9                          Petitioner,              Case No. C13-656-RSL-BAT

10          v.                                      **REPORT AND**
                                                   **RECOMMENDATON**
11   JOHN LOVICK, et. al.,

12                         Respondents.

13          Ronnell M. Tacata filed a pro se § 2254 petition for writ of habeas corpus challenging his

14   Burglary in the First Degree conviction and sentence entered in the Snohomish County Superior

15   Court.  Dkt. 5.  Because Mr. Tacata has never presented his federal claims to the highest state

16   court, the Court recommends **DENYING** the § 2254 petition and **DISMISSING** the matter

17   without prejudice.  The Court also recommends that a certificate of appealability not be issued.

18                                   **DISCUSSION**

19          Mr. Tacata's § 2254 petition alleges he pled guilty to burglary in the first degree and was

20   sentenced in the Superior Court for Snohomish County on April 3, 2013.  Dkt. 5 at 1.  Mr. Tacata

21   did not appeal his conviction or seek collateral review in the state courts.  *Id.* at 2-3.  As grounds

22   for relief, Mr. Tacata alleges:

23                  Conviction obtained by the unconstitutional failure of the
                   prosecution to disclose to the defendant evidence favorable to the

REPORT AND RECOMMENDATON - 1

defendant.  My lawyer did not fully explain to me that penalty associated with my burglary case in Snohomish and probation violation in Shoreline would not run concurrent.  The Judge in Shoreline Judge Marion Enders sentenced me to 180 days in jail with credit for time served concurrent and the Superior Court Judge at Snohomish made it consecutive.

*Id*. at 4.

The merits of these claims need not be addressed because Mr. Tacata's claims are unexhausted and not properly before the Court.  A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his available state court remedies.  28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982).  Exhaustion requires a state prisoner to give the state courts a "fair opportunity to act" on each of his claims before he presents those claims in a federal habeas petition.  *Id*. at 844.  In order to provide the state courts with the requisite "opportunity" to consider his claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

The record shows Mr. Tacata has never presented his federal habeas claims to the state's highest court.  His federal habeas petition should thus be dismissed without prejudice.  The Court should dismiss the matter without prejudice because Mr. Tacata does not appear[1] to be barred by state law from raising these claims in state court via a personal restraint petition.  A dismissal without prejudice is also appropriate because it would allow Mr. Tacata to seek federal habeas review if he fully exhausts his federal claims in the state courts, the state court denies relief, and he timely files a federal habeas petition.

---

[1] This is based on Mr. Tacata's claim he was sentenced in April 2013 and has never filed a personal restraint petition.

REPORT AND RECOMMENDATON - 2

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends Mr. Tacata not be issued a COA.  No jurist of reason could disagree with this Court's evaluation of his habeas petition or would conclude that the issues presented deserve encouragement to proceed further.  Mr. Tacata should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends the § 2254 habeas petition be **DISMISSED** without prejudice because the claims presented are unexhausted and Mr. Tacata appears to be able to present the claims to the state courts.  The Court also recommends **DENYING** a certificate of appealability.  Any objections to this Recommendation must be filed no later than **May 14, 2013.**  The Clerk should note the matter for **May 17, 2013**, as ready for the District Judge's consideration if no objection is filed.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 30th day of April, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATON - 3